# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of FELIX HARO CONSTRUCTION, INC., <br><br>   Plaintiff, <br>   v. <br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al., <br><br>   Defendants. | 1:07-cv-1396-LJO-SMS <br><br> ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 32) <br> **Vacated Hearing Date: May 8, 2009** <br> **Time: 9:30 a.m.** <br><br> ORDER PERMITTING SUPPLEMENTAL BRIEFING AND/OR SUBMISSIONS NO LATER THAN JUNE 19, 2009 <br><br> ORDER SETTING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 32) <br> **Date: June 26, 2009** <br> **Time: 9:30 a.m.** <br> **Courtroom: 7** |

Plaintiff is proceeding with counsel with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is Plaintiff's application for default judgment against Defendant RWC, Inc., filed on March 24, 2009, along with a memorandum and declarations of Darryl J. Horowitt and Alonzo Haro.

An application for a default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19), and

1

it should include briefs pursuant to Local Rule 78-230(b). Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the party's burden to demonstrate to the Court that under the pertinent law, the Plaintiff's claims, as alleged, are legally sufficient, and that the moving party is entitled to the relief requested.

Generally, the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, <u>Davis v.Fendler</u>, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2). Fed. R. Civ. P. 55(b)(2) provides in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The Court thus anticipates that a party seeking a default judgment will provide the Court with evidence sufficient to prove the amount of any damages sought.

Here, the application appears to be incomplete in several respects.

Plaintiff is not entitled to judgment unless Plaintiff can establish default, which in turn requires demonstration of legally adequate service of process pursuant to applicable

2

statutes and rules. A return of service executed by a private investigator under penalty of perjury on January 30, 2008, and filed on February 13, 2008, reflected that Defendant RWC, Inc., was served by leaving copies of the pertinent documents at the Defendant's dwelling house or usual place of abode with Jeannette Blades; neither the address nor the position and/or authority of Blades is stated, but the place was merely described as the dwelling house or usual place of abode of the defendant. The proof of service did not include any evidence that Blades was a person described in Cal. Code Civ. Proc. 416.10, or evidence of the agency status of Blades. See, Dill v. Berquist Construction Co., 24 Cal.App.4th 1426, 1437-39 (1994). It is unclear whether this service was effected within California. It is unclear if this is adequate service under Fed. R. Civ. P. 4 and/or under California law.

A purported proof of service, which was not declared to be true under penalty of perjury and thus which fails to comply with the requirements of Fed. R. Civ. P. 4(l), 28 U.S.C. § 1746, or Local Rule 5-135(c), was filed on February 13, 2008.[1] The later mailing of the relevant documents to a different entity, Robert Wyckoff, President/Agent for Service of Process for RWC, Inc., at 4190 Wagon Wheel Drive, Copperopolis, California 95228, is purported to be proved by Kathy Imburgia, a different person from the investigator who executed the purported proof of service on Blades; Imburgia's purported proof of service is not supported by

---

[1] Local Rule 5-135(c) expressly requires that except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Further, it expressly requires that proof of service shall be under penalty of perjury.

3

Imburgia's declaration under penalty of perjury. Thus, it is not clear that the action was served.

Further, the Court notes that all purported proofs of service by Imburgia in the action appear to suffer from this defect and thus are not in compliance with the local rule because they do not constitute declarations under penalty of perjury. On February 20, 2008, Plaintiff requested that the default of Defendant RWC, Inc., be entered. (Doc. 20.) In the application, Plaintiff relied on the previously described documents to prove service. A purported proof of service by Imburgia of the request to enter default by mail upon Wyckoff as president/agent for service of process for RWC, Inc., was filed, but it lacks a jurat and is not in compliance with the pertinent local rule. The application for default judgment is accompanied by a purported proof of service that does not contain a jurat and thus does not qualify as a declaration under penalty of perjury.

It appears that Plaintiff has not demonstrated legally effective service of the action on the Defendant corporation by filing adequate proof in compliance with the pertinent rules and statutes and/or by briefing the sufficiency of the specific mode of service pursuant to Fed. R. Civ. P. 4.

A defaulting party is entitled to written notice of the application for default judgment unless the party has not appeared in the action. Fed. R. Civ. P. 55(b)(2). An appearance for the purpose of Rule 55 need not be a formal one and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit. In re Roxford Foods v. Ford, 12 F.3d 875, 879-81 (9th

Cir. 1993). Although Plaintiff has submitted a purported proof of service of mailing of the application to one Robert Wyckoff, President, RWC, Inc. (Doc. 32 p. 3), Plaintiff has not demonstrated such service by a legally sufficient document that complies with the pertinent rules; the purported proof of service lacks an adequate jurat.

Further, although the declaration of Horowitt states, "RWC has not appeared in this action and has not responded to the complaint within the time permitted by law" (Decl. ¶ 8), this appears to be a bare assertion of a legal conclusion regarding an "appearance." Horowitt has not stated any facts from which it may be discerned whether any conduct of any sort was undertaken by Defendant in response to the complaint, whether there have been any settlement communications, etc. It is not clear whether Plaintiff would be required to submit briefing concerning the pertinent facts because the pertinent <u>facts</u> are not set forth. Thus, the need for notice to Defendant cannot be determined by the Court.

In the complaint, Plaintiff seeks interest at the legal rate from October 20, 2006, until payment in full with respect to all causes of action. (Cmplt. p. 19.) There are no allegations with respect to interest in the breach of contract claim upon which recovery is sought (the Ninth claim for relief), or in the factual allegations incorporated by reference in that claim (Cmplt. ¶¶ 75, 1-25.) It is alleged that Defendant RWC performed the contract in part and then abandoned it before the work was complete in breach of the contract in approximately mid-December 2005. (Cmplt. ¶ 21.)

1    In the application for default judgment, Plaintiff seeks
2 interest at the legal rate of ten per cent from the date of
3 breach, December 15, 2005. (Memo. pp. 5-6.)
4    Fed. R. Civ. P. 55(d) and 54(c) require that a judgment by
5 default shall not be different in kind from or exceed in amount
6 that prayed for in the demand for judgment. Thus, a party seeking
7 default judgment should demonstrate to the Court that the relief
8 sought is within the prayer of the party's complaint. Plaintiff
9 has not briefed the adequacy of the allegations of the complaint
10 to support a claim for interest before October 20, 2006, the date
11 specifically referred to in the prayer of the complaint.
12    Further, Plaintiff has not briefed whether the specific date
13 of December 15, 2005, is sufficiently ascertainable from, or
14 supported by, the proof thereof that has been submitted to
15 support an award of interest under the governing law.
16    In view of the need for further evidentiary submissions
17 and/or briefing, the hearing on the application for default
18 judgment, presently set for May 8, 2009, at 9:30 a.m., IS
19 VACATED.
20    Plaintiff MAY SUBMIT additional evidence and/or briefing
21 addressing the matters set forth above, and demonstrating
22 Plaintiff's entitlement to judgment, no later than June 19, 2009.
23    The hearing on the motion IS RESET for June 26, 2009, at
24 9:30 a.m., in Courtroom 7, before the undersigned Magistrate
25 Judge.
26    Plaintiff IS INFORMED that a failure to comply with this
27 order may result in a recommendation that Plaintiff's application
28 /////

for default judgment be denied.

IT IS SO ORDERED.

**Dated: May 7, 2009** /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE