UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of FELIX HARO CONSTRUCTION, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al.,<br><br>    Defendants. | 1:07-cv-1396-LJO-SMS<br><br>ORDER VACATING HEARING ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND DEEMING MOTION SUBMITTED (DOC. 32)<br>**Vacated hearing date: June 26, 2009**<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RWC, INC., AND TO VACATE THE CLERK'S ENTRY OF DEFAULT (DOC. 22) |

Plaintiff is proceeding with counsel with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is Plaintiff's application for default judgment against Defendant RWC, Inc., filed on March 24, 2009, along with a memorandum and declarations of Darryl J. Horowitt and Alonzo Haro.

I. Background

Plaintiff is proceeding with an action commenced on September 21, 2007, by the filing of a complaint alleging claims

1

1  against various contractors involved in the construction of
2  employee housing for the Curry Village Project, including a claim
3  against Defendant RWC, Inc., for breach of contract (cmplt.,
4  ninth claim, ¶¶ 75-82) seeking damages according to proof,
5  interest at the legal rate from October 20, 2006, costs of suit,
6  and reasonable attorney's fees (id., pp. 18-19). It was alleged
7  that Defendant Rwc, Inc. was a California corporation with its
8  principal place of business in the County of Calaveras, state of
9  California. (Cmplt. ¶ 8.)

10  Plaintiff's application for default judgment was filed on
11  March 24, 2009, along with a memorandum, the declarations of
12  counsel Darryl J. Horowitt and of Alonzo Haro, and a proposed
13  judgment.

14  One hearing was vacated, and the matter was reset for
15  hearing on June 26, 2009. Plaintiff was given an opportunity to
16  submit additional materials and briefing concerning the
17  application by order dated and served on May 7, 2009, but no
18  additional materials were submitted.

19  II. Vacating the Hearing on the Motion

20  Pursuant to Rule 78-230(h) of the Local Rules of Practice
21  for the United States District Court, Eastern District of
22  California, the Court finds that the application of Plaintiffs
23  for default judgment is a matter that may appropriately be
24  submitted upon the record and briefs.

25  Accordingly, the hearing on the motion, presently set for
26  June 26, 2009, at 9:30 a.m., IS VACATED, and the motion IS DEEMED
27  SUBMITTED to the Court for decision.
28  /////

### III. Requirements for Entitlement to Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry or setting aside of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting

1 party may argue that the facts as alleged do not state a claim.
2 <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392.
3 Thus, well pleaded factual allegations, except as to damages, are
4 taken as true; however, necessary facts not contained in the
5 pleadings, and claims which are legally insufficient, are not
6 established by default. <u>Cripps v. Life Ins. Co. of North America</u>,
7 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v.</u>
8 <u>Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

      A. <u>Service</u>

A return of service executed by a private investigator under penalty of perjury on January 30, 2008, and filed on February 13, 2008, reflected that Defendant RWC, Inc., was served by leaving copies of the pertinent documents at the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein, Jeannette Blades; neither the address nor the position and/or authority of Blades is stated, but the place is merely described as the dwelling house or usual place of abode of the defendant.

Pursuant to Fed. R. Civ. P. 4(h), unless federal law provides otherwise, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and, if the agent is one authorized by statute and the statute so requires, by also mailing a copy of

4

each to the defendant. Service at a place not within any judicial district of the United States may be by any manner prescribed by Rule 4(f) for serving an individual except by personal delivery under Rule 4(f)(2)(C)(i).

The proof of service did not include any evidence that Blades was a person described in Cal. Code Civ. Proc. 416.10[1], or evidence of the agency status of Blades. <u>See</u>, <u>Dill v. Berquist Construction Co.</u>, 24 Cal.App.4th 1426, 1437-39 (1994). It is unclear whether this service was effected within California. It is unclear if this is adequate service under Fed. R. Civ. P. 4 and/or under California law.

A purported proof of service, which was not declared to be true under penalty of perjury and thus which fails to comply with the requirements of Fed. R. Civ. P. 4(l), 28 U.S.C. § 1746, or Local Rule 5-135(c), was filed on February 13, 2008.[2] The later

---

[1] Cal. Civ. Proc. Code § 416.10 provides:  A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
    (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).
    (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.
    (c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b).
    (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

[2] Local Rule 5-135(c) expressly requires that except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Further, it expressly requires that proof of service shall be under penalty of perjury.

5

1  mailing of the relevant documents to a different entity, Robert
2  Wyckoff, President/Agent for Service of Process for RWC, Inc., at
3  4190 Wagon Wheel Drive, Copperopolis, California 95228, is
4  purported to be proved by Kathy Imburgia, a different person from
5  the investigator who executed the purported proof of service on
6  Blades. Imburgia's purported proof of service is not supported by
7  Imburgia's declaration under penalty of perjury.[3]

8  Thus, the Court finds that Plaintiff has not demonstrated
9  legally adequate proof of service.

10  Further, the Court notes that the same proof of service was
11  submitted in connection with Plaintiff's request for entry of
12  default (Doc. 20), following which the Clerk entered default.
13  (Doc. 22.) In addition, the proofs of service of Plaintiff's
14  application for default judgment also lack a declaration under
15  penalty of perjury (Doc. 32, p. 3; Doc. 33 p. 7; Doc. 34, p. 3;
16  Doc. 35, p. 5), as does the proof of Plaintiff's notice of
17  hearing on the application for judgment (Doc. 38, p. 3).

18  It is alleged in the complaint that Defendant RWC, Inc., was
19  at all pertinent times a California corporation with its
20  principal place of business in Calaveras County, California.
21  Plaintiff has not demonstrated legally effective service of the
22  action on the Defendant corporation by filing adequate proof in
23  compliance with the pertinent rules and statutes and/or by
24  briefing the sufficiency of the specific mode of service pursuant
25  to Fed. R. Civ. P. 4. Because of the failure to establish service
26  of the action on Defendant Corporation, entry of default judgment

---

[3] The Court further notes that all of the similar purported proofs of service in the action suffer from this defect.

6

is inappropriate.

### B. Entry of Default

Further, the Court finds that entry of default by the Clerk was inappropriate. The Clerk shall enter a party's default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the pertinent Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Unless a different time is prescribed by statute of the United States, a defendant shall serve an answer within twenty days after being served with the summons and complaint. Fed. R. Civ. P. 12(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that 1) the defendant has been served with the summons or has agreed to waive service, 2) the time allowed by law for responding has expired, and 3) the defendant has failed to file a pleading or motion permitted by law; however, no notice to the defendant is required. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986).

Here, legally adequate proof of service was lacking. Therefore, it was premature to enter the default of Defendant RWC, Inc.

Fed. R. Civ. P. 55(c) provides:

> For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Here, because no legally sufficient proof of service of process on Defendant RWC, Inc., has been shown, good cause is present for setting aside the Clerk's entry of default.

7

C. <u>Notice</u>

A defaulting party is entitled to written notice of the application for default judgment unless the party has not appeared in the action. Fed. R. Civ. P. 55(b)(2). An appearance for the purpose of Rule 55 need not be a formal one and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit. <u>In re Roxford Foods v. Ford</u>, 12 F.3d 875, 879-81 (9th Cir. 1993).

Although Plaintiff has submitted a purported proof of service of mailing of the application to one Robert Wyckoff, President, RWC, Inc. (Doc. 32 p. 3), the proof is not sworn under penalty of perjury.

Further, although the declaration of Horowitt states, "RWC has not appeared in this action and has not responded to the complaint within the time permitted by law" (Decl. ¶ 8), this appears to be a bare assertion of a legal conclusion regarding an "appearance." Horowitt has not stated any facts from which it may be discerned whether any conduct that might be considered evidence of an intention to defend the case on the merits was undertaken by Defendant in response to the complaint, whether there have been any settlement communications, etc. It is not clear whether Plaintiff would be required to submit briefing concerning the pertinent facts because the pertinent <u>facts</u> are not set forth. Thus, the need for notice to Defendant cannot be determined by the Court, and it cannot be determined that the Defendant against whom a default judgment is sought has received adequate notice.

8

The Court notes that it pointed out the deficiencies in Plaintiff's application for default judgment and by a briefing order dated May 7, 2009, invited Plaintiff to submit additional briefing or materials in support of its application. Plaintiff has not submitted any supplemental showing or briefing. The Court thus concludes that Plaintiff has not established default and notice, and therefore, Plaintiff has not demonstrated entitlement to a default judgment.

However, the interest of complete analysis, the Court will continue with its findings and recommendations.

### D. Liability

Because claims that are legally insufficient are not established by a party's default, a court in considering an application for default judgment must determine whether the claims upon which a plaintiff seeks a default judgment are legally sufficient. It is the party's burden to demonstrate to the Court that under the pertinent law, the Plaintiff's claims, as alleged, are legally sufficient.

#### 1. Breach of Contract

As to the legal sufficiency of the contract claim, the elements of a claim for breach of contract are the existence of a contract, Plaintiff's performance thereof, Defendant's breach, and damages resulting therefrom. Acoustics, Inc. v. Trepte Construction Co., 14 Cal.App.3d 887, 913 (1971).

Plaintiff alleged the entry into a contract with RWC in or about October 2005 pursuant to which RWC was to provide sufficient employees to perform specific contracting work on common buildings in Pods 1 through 4 only. (Cmplt. ¶¶ 20, 77.)

Although RWC performed some work on the project between late October 2005 and through approximately mid-December 2005, it abandoned the job before the work was completed in breach of the RWC contract and further failed to pay its employees the wages earned by the employees. (Id. ¶ 21.) Further, on or about October 2005, Plaintiff and Defendant RWC entered into the RWC contract under which RWC promised to assist Plaintiff in the rough framing and exterior siding on the four common area buildings within the Curry Village Projected for the total sum of $340,000. However, RWC refused to drive to the project unless it were given an immediate advance of $15,000, which Plaintiff paid and subtracted from the total price. Defendant RWC and employees thereof stopped working on the project in mid-December 2005, claiming it needed more money advanced despite having already been paid for work not yet completed, and despite is employees' claiming they had not been paid by RWC; when RWC refused and failed to pay or replace its employees, it breached the RWC contract with Plaintiff by abandoning the job; Plaintiff was back-charged the amount of wages paid to RWC's employees by other defendants. (Cmplt. ¶¶ 76-79.) RWC knew or should have known that it had to be its employees the earned wages, yet it failed and refused to perform its duty, and failed to reimburse Plaintiff the amount of all wages, including taxes, withholdings, and other employee-related expenses which were back-charged to Plaintiff but were actually owed by Defendant RWC. As a result, Plaintiff suffered damages. (Id. ¶¶ 80-82.)

Thus, Plaintiff adequately pleaded the contract, performance, breach, and damages; thus, Plaintiff has adequately

pleaded a claim for damages for breach of the contract.

D. Damages

1. Legal Standards

Generally, the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, Davis v.Fendler, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2). Fed. R. Civ. P. 55(b)(2) provides in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

California law permits recovery in contract actions of as nearly as possible the equivalent of performance, or "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300; see also Cal. Civ. Code § 3302, providing that the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.

2. Evidence

Here, the declaration of Alonzo Haro, who is the foreman of Felix Haro Construction, Inc., states that Haro immediately advanced the $15,000 to Defendant RWC in order to avoid further delay of the project. (Decl. ¶ 11.) The amount of wrongfully

11

back-charged wages earned by RWC employees but unpaid by Defendant RWC was $7,037.76. (Id. ¶ 13.) Haro incurred extended overhead charges because of the increased length of time needed to complete the work that RWC failed to complete; the charges amounted to $21,250.00 for food and lodging of five men for an additional seventeen weeks. (Id. ¶ 14.) Because, contrary to its assurances, RWC failed to provide its own forklift and forklift operator to complete the job, Haro incurred additional costs of $13,000 for equipment and labor. (Id. ¶ 15.) Haro was also made to pay an additional $44,000 ($11,000 for each of four buildings) for the hiring by UPA of another company to complete the siding work that Haro should have done but was unable to do because Haro's own employees were being employed to complete the work that RWC had abandoned. (Id. ¶ 16.)

The total amount of damages supported by the declaration of Haro is $100,287.76 by my calculations. However, Haro refers to total damages of $85,287.76 in its calculations of accrued interest. (Decl. of Haro ¶ 17.) Counsel for Haro also posits that this is the amount of total damages in the memorandum in support of the application for default judgment. (Memo. p. 5.) It thus appears that Plaintiff may be abandoning its claim to the $15,000 paid in advance to RWC.

The Court concludes that Plaintiff has submitted evidence demonstrating damages that amount at least to the total of $85,287.76 claimed by Plaintiff.

### 3. Interest

In the complaint, Plaintiff seeks interest at the legal rate from October 20, 2006, until payment in full with respect to all

12

causes of action. (Cmplt. p. 19.) There are no allegations with respect to interest in the breach of contract claim upon which recovery is sought (the Ninth claim for relief), or in the factual allegations incorporated by reference in that claim (Cmplt. ¶¶ 75, 1-25.) It is alleged that Defendant RWC performed the contract in part and then abandoned it before the work was complete in breach of the contract in approximately mid-December 2005. (Cmplt. ¶ 21.)

In the application for default judgment, Plaintiff seeks interest at the legal rate of ten per cent from the date of breach, December 15, 2005. (Memo. pp. 5-6.)

Fed. R. Civ. P. 55(d) and 54(c) require that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Here, Plaintiff seeks interest from a later date than that set forth in the complaint, and thus it appears that the allegations of the complaint support the prayer for interest from December 15, 2005.

As to entitlement to interest, the precise basis of a federal court's jurisdiction over a state law claim is irrelevant for Erie purposes; where state law provides the rule of decision, it is the duty of federal courts to ascertain and apply that law. In re Exxon Valdez, 484 F.3d 1098, 1100 (9th Cir. 2007). Prejudgment interest is a substantive part of a plaintiff's claim, and not merely a procedural mechanism; thus, state law governs entitlement to it as well as its computation, unless preempted by federal law. Id. at 1101.

Cal. Civ. Code § 3287(a) provides that every person who is entitled to recover damages certain or capable of being made

13

certain by calculation is also entitled to recover interest thereon from that day; § 3287(b) provides that every person who is entitled under any judgment to receive damages based on a cause of action in contract where the claim was unliquidated may recover interest from a date prior to the entry of judgment as the court may in its discretion fix but in no event earlier than the date the action was filed. Section 3288 provides that in actions for breach of an obligation not arising from contract, and in every case of fraud, malice, or oppression, interest may be given in the discretion of the jury. Section 3289 provides that if a contract entered into after 1986 does not state a legal rate of interest, the obligation bears interest at ten per cent per annum.

It has not been demonstrated that the damages were certain or capable of being made certain by calculation. Accordingly, Plaintiff would be entitled to ten per cent interest on the unliquidated claim beginning at the earliest on the date the action was filed here, namely, September 21, 2007.

Accordingly, with respect to damages, Plaintiffs have presented evidence of damages in the amount of $85,287.76, plus interest at the rate of ten per cent beginning on September 21, 2007.

### E. Discretionary Factors

Because the application is not supported by legally adequate proof of legally adequate service of the action and of notice of the application, Plaintiff's application for default judgment must be denied. Further consideration of discretionary factors is not possible.

1  The Court notes that by its order dated May 7, 2009, and
2 served electronically on Plaintiff's counsel on May 7, 2009, the
3 Court extended to Plaintiff an opportunity to submit additional
4 information and briefing to the Court in support of the
5 application; however, Plaintiff did not submit any additional
6 materials or seek any extension of time within which to do so.

7  IV. <u>Recommendation</u>

8  Accordingly, the Court RECOMMENDS that Plaintiff's
9 application for default judgment against Defendant RWC, Inc., BE
10 DENIED, and that the Clerk's entry of default against such
11 Defendant, dated February 22, 2008, BE SET ASIDE and VACATED for
12 lack of proof of legally sufficient service of the action upon
13 Defendant RWC, Inc.

14  This report and recommendation is submitted to the United
15 States District Court Judge assigned to the case, pursuant to the
16 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
17 Local Rules of Practice for the United States District Court,
18 Eastern District of California. Within thirty (30) days after
19 being served with a copy, any party may file written objections
20 with the Court and serve a copy on all parties. Such a document
21 should be captioned "Objections to Magistrate Judge's Findings
22 and Recommendations." Replies to the objections shall be served
23 and filed within ten (10) <u>court</u> days (plus three days if served
24 by mail) after service of the objections. The Court will then
25 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
26 (b)(1)(C). The parties are advised that failure to file
27 objections within the specified time may waive the right to
28 ///////

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 23, 2009**                              /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE