IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of FELIX HARO CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY, UPA GROUP, INC., WATTS CONSTRUCTORS, and RWC, INC., <br><br> Defendants. <br> _____ / | CASE NO. CV F 07-1396 LJO GSA <br><br> **ORDER TO ADOPT FINDINGS AND RECOMMENDATIONS AND TO ADMONISH COUNSEL** <br> (Doc. 41.) |

## BACKGROUND

United States Magistrate Judge Sandra Snyder ("Judge Snyder") issued June 23, 2009 findings and recommendations to deny default judgment against defendant RWC, Inc. ("RWC") and to set aide entry of default against RWC given lack of proof of legally sufficient service on RWC. The findings and recommendations detail deficiencies with plaintiff's attempted service of the summons and complaint and including lack of documentation of the address and position and/or authority of the person served by substitute service and filing proofs of service lacking necessary declarations under penalty of perjury. Judge Snyder correctly concluded:

> Plaintiff has not demonstrated legally effective service of the action on the Defendant corporation by filing adequate proof in compliance with the pertinent rules and statutes and/or by briefing the sufficiency of the specific mode of service pursuant to Fed. R. Civ.

1

P. 4.[1] Because of the failure to establish service of the action on Defendant Corporation, entry of default judgment is inappropriate.

Judge Snyder further found that the clerk's entry of default against RWC "was inappropriate" in that "legally adequate proof of service was lacking." Moreover, Judge Snyder found that plaintiff failed to establish that RWC had received adequate notice that plaintiff sought default judgment against RWC.

Plaintiff filed June 26, 2009 papers to acknowledge "the concerns the court has regarding the service." In his declaration, Mr. Horowitt states: "We therefore accept the court's concerns about the proof of service and request leave to re-serve RWC, Inc. and its principal."

This Court is particularly troubled by Mr. Horowitt's obtaining default entry and attempt to seek default judgment given the blatant service and notice deficiencies. However, this is not the first matter in which this Court has had concerns about Mr. Horowitt and/or his firm. In *York International Corp. v. RVD Heating & Air Conditioning, et al.*, Case No. CV F 08-0480 LJO DLB, Mr. Horowitt's firm disobeyed an order to dismiss after settlement and ignored an order to show cause to compel this Court to dismiss the action with prejudice. Thereafter, Mr. Horowitt's firm sought to set aside the dismissal to enforce the dismissal to require this Court's further attention and efforts.

Mr. Horowitt represents defendants in *Families and Schools Together Federal Credit Union v. Auto Maxx, Inc., et al.*, Case No. CV F 07-0659 LJO SMS and *Alan J. Vallarine, D.D.S. v. Douglas E. Freeman, et al.*, Case No. 06-0239. Complications and delays in settlements of the actions have compelled inordinate attention, time and resources of Judge Snyder and this Court. In the actions, many post-settlement status and related conferences and monitoring have been conducted.

## CONCLUSION AND ORDER

In accordance with 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case and record and finds that the findings and recommendations are supported by the record and proper analysis. As such, this Court:

1. ADOPTS in full the findings and recommendations;

---

[1] Plaintiff's counsel Darryl Horowitt ("Mr. Horowitt") claims he inadvertently ignored Judge Snyder's May 7, 2009 order to submit further papers to address sufficiency of service of the summons and complaint on RWC.

2. DENIES default judgment against RWC;

3. SETS ASIDE entry of default against RWC;

4. ORDERS plaintiff, no later than July 13, 2009, to file a proof of sufficient service of the summons and complaint on RWC;

5. **ADMONISHES plaintiff that this Court will dismiss this action against RWC if plaintiff fails to comply with this order;** and

6. **ADMONISHES Mr. Horowitt that this Court will sanction him and/or his firm for any further dilatory conduct, failure to comply with the Federal Rules of Civil Procedure and Local Rules, and/or failure to comport himself as an officer of the court, whether in this or another action. Precious Court resources need and deserve respect.**

IT IS SO ORDERED.

**Dated:**   **June 29, 2009**            /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE